IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PHILLIP ALBERTERNST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:10-cv-642 JCH |
| ) | |
| CHRISTOPHER E. HUNT, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

DEFENDANT ST CHARLES COUNTY'S
MOTION TO DISMISS COUNT V AND SUGGESTIONS IN SUPPORT

COMES NOW Defendant St. Charles County, by and through undersigned counsel, and pursuant to F.R.Civ.P. 12(b)(6) files its Motion and Suggestions to dismiss Plaintiff Alberternst's Count V of his Complaint for failure to state a claim upon which relief can be granted..

Count V of Plaintiff's Complaint, attempting to establish the County's liability for the acts of its employees pursuant to 42 U.S.C. § 1983, is brought on a theory of respondeat superior and thus fails to state a claim cognizable under § 1983 in that the United States Supreme Court has held that there is no vicarious liability in § 1983. *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant St. Charles County in that there is no vicarious liability pursuant to 42 U.S.C. § 1983 and thus the governemnt may not be held liable for the unconstitutional conduct of its agents under a theory of respondeat superior. *Monell v. City of New York City Dept of Social Services*, 436 U.S. 658, 691 (1978).

Nor has the Supreme Court's position in *Monell* in any question.  As recently as May 18, 2009 the Supreme Court re-affirmed its position in *Ashcroft v. Iqbal*, 129 S.Ct 1937, 1948 (2009). The Court in *Iqbal* stated "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Id* at 1948. This refusal to recognize vicarious liability for misfeasance of government entities and employees as articulated in *Monell* applies to governmental "persons" and, further, the refusal to recognize vicarious liability has foundations in the decisions of the Supreme Court going back more than a century.  See *Robertson v. Sichel*, 127 U.S. 507, 515-516 (1888) (cited in *Ashcroft v. Iqbal*).

WHEREFORE, Defendant St. Charles County prays this Court enter its Order dismissing Plaintiff Alberternst's Count V, with prejudice, awarding Defendant its costs and reasonable attorney's fees pursuant to 42 U.S.C. §1988(b) and granting such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Joann Leykam

Joann Leykam
Federal Bar #37356
ST. CHARLES COUNTY COUNSELOR
100 North Third Street
Suite 216
Saint Charles, Missouri 63301
[636] 949-7540
[636] 949-7541 facsimile
jleykam@sccmo.org


ATTORNEY FOR
DEFENDANT DEPUTY CHRIS HUNT,
DEPUTY WILLIAM ROWE AND
DEFENDANT ST. CHARLES COUNTY


CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above document was served via the ECF/CM system of the United States District Court for the Eastern District of Missouri this 14th day of June, 2010, addressed to:

James W. Schottel, Jr.   #94480
jwsj@schotteljustice.com
906 Olive Street, PH
Saint Louis, Missouri 63101


Robert J. Krehbiel          # 3614
rkrehbiel@kkhhb.com
King, Krehbiehl, Hellmich & Borbonus, LLC

2000 South Hanley Road
St. Louis, Missouri 63144-1524

David S. Davis             #46161
davis@buckleylawllc.com
Buckley & Buckley, LLC
1139 Olive Street   Suite 800
Saint Louis, Missouri 63101

Michael D. Hart
mhart@devereuxmurphy.com
Devereaux & Murphy
190 Carondelet Plaza
11th Floor
Saint Louis, Missouri 63105


__/s/ Joann Leykam_____