UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILLIP ALBERTERNST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 4:10-CV-642 JCH |
| v. ) | |
| ) | |
| CHRISTOPHER E. HUNT, et al., ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon Plaintiff Phillip Alberternst and Defendant City of O'Fallon, Missouri's joint motion for protective order

**IT IS HEREBY ORDERED THAT:**

1. As used in this Order, CONFIDENTIAL MATERIAL shall mean and refer to:

- The personnel file of Defendant Deric C. Dull;

- Defendant Deric C. Dull's training records;

- Internal affairs documents which relate to complaints received from citizens and/or discipline received by Defendant Deric C. Dull;

- Training manuals actually used by the O'Fallon Police Department in the course of training Defendant Deric C. Dull; and

- The general police department directive regarding arrest authority.

The following information shall be redacted from the above documents: Defendant Deric C. Dull's social security number, date of birth, health care records, information relating to Deric C. Dull's home address and telephone number, and the identity of Defendant Deric Dull's spouse and children, if any. In addition, the identity of any confidential informant shall be redacted from the

above documents. Furthermore, any police report relate to any incident other than the incident at issue in this litigation shall be redacted from the training records and any identifying information regarding any alleged suspect, victim or witness, shall be redacted from the training records. Any inadvertent disclosure of the above information shall not constitute a waiver of the redaction provisions of this Order. Upon being alerted to an inadvertent disclosure, Defendant shall replace the document or portions of the document previously produced with appropriately redacted documents or portions thereof and upon discovery of unredacted documents, Plaintiff's counsel shall immediately return to Defendant's counsel the unredated documents or portions thereof, including all copies thereof.

2.  All CONFIDENTIAL MATERIAL shall remain in the custody of respective counsel of record, who shall be responsible for restricting disclosure in accordance with the provisions of this Order. Specifically, counsel of record shall retain all CONFIDENTIAL MATERIAL within the confines of his/her personal offices. Such CONFIDENTIAL MATERIAL shall be used for the purposes of this litigation only and for no other purpose.

3.  All CONFIDENTIAL MATERIAL and the facts and information in the CONFIDENTIAL MATERIAL shall not be disclosed to any person except as specifically provided for herein.

4.  All CONFIDENTIAL MATERIAL shall be designated as CONFIDENTIAL MATERIAL by marking the word "CONFIDENTIAL" or some similar phrase on the face of the document.

5.  All CONFIDENTIAL MATERIAL deposited with the Clerk of this Court shall be filed under seal in accordance with the local rules of court.

6.  Access to CONFIDENTIAL MATERIAL shall be limited to counsel of record for the

respective parties to this action and regular employees and law clerks of said counsel who are assisting in the work of this litigation, expert witnesses, consulting experts, and appropriate court personnel in the regular course of litigation.

7. Disclosure of the CONFIDENTIAL MATERIAL to employees and law clerks of counsel, expert witnesses or consulting experts must be accompanied by a copy of this Order, and counsel must inform said person(s) of the terms of this Order, and said person(s) must agree to be bound by its terms.

8. Neither production of any documents which are CONFIDENTIAL MATERIAL, nor defendant's consent hereto, shall be construed as a waiver of any objection or privilege thereto, or as an agreement to their admissibility or inadmissibility at trial. Nor shall acceptance of any materials that are CONFIDENTIAL MATERIAL or Plaintiff's consent hereto be construed to be an acknowledgment by Plaintiff of the alleged inadmissibility at trial of the CONFIDENTIAL MATERIAL or the information contained therein.

9. On March 12, 2012 Plaintiff's counsel shall return to counsel for Defendant all materials that are designated CONFIDENTIAL MATERIAL pursuant to this Order, including all copies, prints, excerpts, and other reproductions of said documents or information. In the event the termination of this lawsuit by dismissal, judgment or otherwise occurs prior to March 12, 2012, Plaintiff's counsel shall return such documents within thirty (30) days after the termination of the lawsuit.

10. Nothing in this Order shall be construed to restrict the use or disclosure of any documents which a party or non-party shall have acquired from independent sources.

11. In entering this Order, the Court does not rule on, or suggest any ruling on, the ultimate admissibility or inadmissibility of the CONFIDENTIAL MATERIAL or the information

therein. If it becomes necessary to submit CONFIDENTIAL MATERIAL to the Court in connection with any filings or proceedings in this litigation, the party using it must file such CONFIDENTIAL MATERIAL under seal with the Clerk of the Court.  At trial, before any CONFIDENTIAL MATERIAL is offered into evidence in open Court, Defendant shall be notified of the intent to use such information and be given the opportunity to address whether such information should be submitted under seal.  This Order shall remain in full force and effect, unless and until modified or amended by this Court upon motion by either party for good cause shown.

 

/s/ Jean C. Hamilton
Hon. Jean C. Hamilton
United States District Judge

Dated this 23rd day of February, 2011.